Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas 75201
drukavina@munsch.com
tberghman@munsch.com

*Proposed Counsel to the Debtor
and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WATTSTOCK, LLC,<br><br><br>Debtor. | § <br> § Case No. 21-31488-sgj11 <br> § <br> § Chapter 11 <br> § <br> § Subchapter V <br> § <br> § |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF ORDER
AUTHORIZING DEBTOR TO PAY CRITICAL VENDOR**

To the Honorable Stacey G.C. Jernigan, U.S. Bankruptcy Judge:

WattStock, LLC (the "Debtor"), the debtor and debtor-in-possession in the above-styled bankruptcy case (the "Bankruptcy Case"), files this its *Emergency Motion for Entry of Order Authorizing Debtor to Pay Critical Vendor* (the "Motion"), and in support thereof would respectfully show the Court as follows:

### I. JURISDICTION & VENUE

1. The Court has jurisdiction of the Bankruptcy Case and this Motion under 28 U.S.C. § 1334. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 & 1409. The Debtor is in possession of the estate as debtor-in-possession under 11 U.S.C. §§ 1107 & 1108.

## II. BACKGROUND

2. On August 17, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 subchapter V of title 11 of the United States Code (the "Bankruptcy Code"), thereby initiating the Bankruptcy Case and creating the bankruptcy estates (the "Estate"). Background regarding the Debtor's business and the circumstances leading to the bankruptcy filing is set forth in the *Declaration of Andrew F. Herr* (the "Herr Declaration"), filed contemporaneously herewith and incorporated herein for all purposes.

## III. RELIEF REQUESTED

3. By this Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, the Debtor requests authority to pay one critical vendor. A proposed interim and final order granting the relief requested herein is attached hereto as Exhibit "A" (the "Proposed Order").

4. The critical vendor is Thomassen Service Middle East LLC ("TSME"). TSME is a subcontractor providing vital services in connection with a management project in Abu Dubai with a potential value to the Debtor of $1.6 million. A failure to make the payment would jeopardize the Debtor's potential revenue from the project and would likely have collateral effects on the Debtor's reputation and ability to work with similar subcontractors.

5. On or about July 27, 2021, the Debtor initiated a $50,000.25 wire transfer to TMSE in the ordinary course of business; however, due to an incorrect account number supplied by TMSE, the wire transfer failed and the money was

recently returned to the Debtor's account. Accordingly, the Debtor desires to re-initiate the wire transfer as soon as possible.

6. ***Critically***, the funds in question were provided to the Debtor pursuant to a broader project agreement with GE – accordingly, the funds are arguably held in trust by the Debtor and are not Estate property. The Debtor filed the Motion out of an abundance of caution.

7. TMSE is providing services in Abu Dubai and, quite literally, no replacement vendor exists. The success of the project depends on payment to TMSE.

8. The Court may authorize a debtor to pay certain prepetition obligations pursuant to section 363(b) of the Bankruptcy Code. 11 U.S.C. § 363(b)(1). Section 363(b) provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." A debtor's request to use property of the estate outside of the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code is appropriate upon a finding that such use is supported by sound business reasons. *See, e.g., In re BNP Petroleum Corp.*, 642 F. App'x 429, 435 (5th Cir. 2016); *In re Cont'l Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986). Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to "protect and preserve the estate, including an operating business' going concern value," on behalf of the debtor's creditors and other parties in interest, and payment of critical vendors is likewise routinely authorized under section 105(a). S*ee In re CEI Roofing, Inc.*, 315 B.R. 50,

59 (Bankr. N.D. Tex. 2004). *See also In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).

9. As described above, payment to TMSE is necessary for the Debtor to maintain operations and consequently preserve the value of their business. The relief requested is a sound exercise of the Debtor's business judgment, is necessary to avoid immediate and irreparable harm to the Debtor's estate, and is justified under sections 105(a) and 363(b) of the Bankruptcy Code.

10. The Debtor further requests that the Court waive the 14-day period under Bankruptcy Rule 6004(h).

## IV. PRAYER

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto (i) granting this Motion; (ii) authorizing the payment set forth in the Motion; and (iii) granting the Debtor such other and further relief to which they may show themselves justly entitled.

Dated: August 23, 2021.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
Davor Rukavina, Esq.
Texas Bar No.
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas 75201
drukavina@munsch.com
tberghman@munsch.com

*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*

## Certificate of Service

The undersigned hereby certifies that, on this the 23rd day of August, true and correct copies of the foregoing document were served via the Court's ECF notification system on the parties entitled to notice thereby and via US Mail First Class postage pre-paid on the parties on the attached service list.

By: */s/ Thomas Berghman*
Thomas D. Berghman, Esq.