IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| WATTSTOCK, LLC | § | CASE NO. 21-31488-sgj11V |
| | § | |
| Debtor | § | Subchapter V |

### ROBERT MCNAMEE'S MOTION TO ALLOW LATE FILED UNSECURED CLAIM TO BE TREATED AS TIMELY FILED

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., RM. 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON JUNE 8, 2022, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Robert McNamee ("McNamee"), by and through the undersigned counsel, hereby files this Motion to Allow Late Filed Unsecured Proof of Claim as Timely Filed, and would state as follows:

### BACKGROUND

1. On August 3, 2021, McNamee filed a lawsuit against Wattstock LLC (the "Debtor") which is currently pending under Cause No. 2021-47413 in the 127th Judicial District Court, Harris County, Texas (the "State Court Case"). Up until August 3, 2021, McNamee was an employee of the Debtor. McNamee filed suit against the Debtor due to the Debtor's violation of the Texas Payday Act for failure to pay Mr. McNamee his agreed upon salary and commissions.

2. On August 4, 2021, the Harris County Court issued a Temporary Restraining Order

against the Debtor in the State Court Case. The Temporary Restraining Order was served upon the Debtor on August 10, 2021. The Temporary Restraining Order was subsequently extended and reset for a Temporary Injunction hearing for August 31, 2021.

3. On August 17, 2021, the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Case"). The Debtor did not include McNamee on its list of creditors filed with the bankruptcy court.

4. On August 18, 2021, Wattstock filed a Notice of Suggestion of Bankruptcy in the State Court Case. By its own admission, Wattstock knew of the existence McNamee's claim when the Chapter 11 case was filed, and undoubtedly had the address of McNamee's state court counsel and McNamee's home address when the Bankruptcy Case was filed.

5. Federal Rule of Bankruptcy 1007(a) requires that a debtor file with the petition a list of containing the name and address of each entity to be included on Schedule D, E, F and G. Despite the Debtor's knowledge of the existence of the State Court Case and that McNamee is a creditor in this case, McNamee was not listed on the List of Creditors filed at Docket No. 2, a copy of which is attached hereto as **Exhibit A** and incorporated by reference. In addition, the creditor's matrix uploaded and filed in the Bankruptcy Case by the Debtor failed to list Mr. McNamee. See Docket No. 4, Debtor's Creditor Matrix, a copy of which is attached hereto as **Exhibit B** and incorporated herein by reference.

6. On August 19, 2021, the US Trustee issued Notice of Filing of the Bankruptcy Case and set the deadline to file Proofs of Claim as October 26, 2021 (the "Claims Deadline Notice"). See Docket No. 6, which is attached hereto as **Exhibit C** and incorporated herein by reference. Because the Debtor failed to include McNamee as creditor or party in interest, McNamee did not receive the Claims Deadline Notice. See Docket No. 9, attached hereto as **Exhibit D** and

incorporated herein by reference. On August 31, 2021, the Debtor filed its Schedule E/F – Creditors Who Have Unsecured Claims. See Docket 30, pgs 9-12, a copy of which is attached hereto as **Exhibit E** and incorporated herein by reference. McNamee is also noticeably absent from Schedule E/F.

7. On November 15, 2021, the Debtor filed its Plan (the "Plan"). A copy of the Plan was NOT mailed or otherwise transmitted to McNamee.

8. In January 2022, McNamee's state court counsel discovered that a deadline to file claims had been set. McNamee subsequently filed his proof of claim on January 27, 2022, which is recorded as claim number 12. Due to the Debtor's failure to include McNamee on the creditors matrix or the bankruptcy schedules, McNamee did not timely receive notice of the proof of claim deadline in the Bankruptcy Case until after the deadline to file proofs of claims had expired.

9. On April 12, 2022, the Court entered an Order setting the Confirmation Hearing and other related deadlines with regard to the Debtor's Plan. The Court set May 31, 2022, at 1:30 p.m., as the date for the hearing on confirmation of the Plan.

10. On April 22, 2022, the Debtor filed its First Amended Plan (the "Amended Plan"). The Amended Plan provides that the "Bar Date" is October 26, 2021. A copy of the First Amended Plan was received by McNamee after the Debtor mailed a copy of the Plan packet to McNamee's state court counsel in late April 2022. On April 27, 2022, the Debtor filed its Plan Supplement.

11. The Debtor's Amended Plan contains a provision that provides that any proof of claim not filed by the "Bar Date" is automatically disallowed.[1] Considering that the Debtor filed an incomplete and accurate list of creditors in violation of Bankruptcy Rule 1007(a), such a result

---

[1] McNamee reserves all of his rights regarding whether the supposed automatic disallowance of proofs of claims contained within the Debtor's Amended Plan is permitted under 11 U.S.C. § 1123 and/or whether the Amended Plan violates 11 U.S.C. § 1129(a)(1), (2) or (3).

would be inequitable and contrary to the notice and due process requirements of the Bankruptcy Code.

12. On May 13, 2022, McNamee engaged the undersigned bankruptcy counsel to advise him regarding his rights under the Plan.

### REQUESTED RELIEF

13. McNamee files this motion seeking allowance of the late filed claim as timely, or in the alternative, treatment of the filing of the State Court Case as an informal proof of claim.

14. Federal Rule of Bankruptcy Procedures 9006(b) allows the bar date to be extended where the failure to timely act "was the result of excusable neglect." Further, Bankruptcy Rule 2002 provides that the clerk of the court, or some other person, must provide creditors must receive 21 days of notice of, among other things, the deadline to file claims in chapter 11 cases. Fed.R.Bankr.P. 2002(a)(7).

15. Although notice is not defined by the Bankruptcy Code, bankruptcy courts "sensibly assume that the general norms of fair notice, as set forth in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 489-91, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 797-800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and other such cases, apply to bankruptcy as to other settings in which a person's legal right is extinguished if he fails to respond to a pleading." *Fogel v. Zell*, 221 F.3d 955, 962 (7th Cir. 2000). Fair or adequate notice has two basic elements: content and delivery." *Id*. "If the notice is unclear, the fact that it was received will not make it adequate," *Id*.; if the notice is not received, it is "inadequate unless the means chosen to deliver it was reasonable." *Id*. at 963. Here, it is undisputed that McNamee did not receive the Claims Deadline Notice. The United States Supreme Court has

been clear on the issue of when the creditor does not receive notice of the bar date. The Supreme Court held that "even creditors who have knowledge of a [bankruptcy case] have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred." *City of New York v. New York, New Haven & Hartford R.R.*, 344 U.S. 293, 297 (1953). In *New York*, the city of New York was a known creditor with liens against a railroad that filed bankruptcy. *Id*. at 293. The city knew that the railroad was in bankruptcy, but it did not file a timely claim because it never received notice by mail. *Id*. The Supreme Court held that the city "acted reasonably in waiting" to receive notice before filing its claim; therefore, it was allowed to file a late claim. *Id*. at 297. In this case, McNamee did not receive the required notice of the bar date. The Debtor (incorrectly) asserts that because McNamee knew that the Debtor filed bankruptcy, the Debtor therefore had no obligation to include him on the creditors matrix or send him the required notice of the bar date. Such an argument is inconsistent with the Supreme Court's directive, due process, and the requirement of Bankruptcy Rule 2002. Accordingly, McNamee's proof of claim should be treated as timely filed.

16. Moreover, the "excusable neglect" was primarily caused by the Debtor's failure to accurately file a list of creditors and addresses pursuant to the requirements of Bankruptcy Rule 1007(a). McNamee requests that the Court grant an extension of the proof of claim deadline, or to allow the State Court Case as informal proof of claim, due to the intervening circumstances and other factors that support the "excusable neglect" standard and the fact that McNamee did not receive the required notice of the bar date. In this case, the following factors support allowing the claim as timely filed: (i) the Debtor's failure to timely file an accurate list of names and addresses of creditors (pursuant to the requirements of Bankruptcy Rule 1007(a)) caused McNamee insufficient time to timely file a proof of claim; (ii) delay in filing the proof of claim was because

McNamee did not discover the proof of claim deadline until after the deadline had expired; (iii) the prejudice to the Debtor is negligible as the claim was known to the Debtor when the Bankruptcy Case was filed in August 2021; (iv) the proof of claim was filed nearly three months before the Amended Plan and more five months before the scheduled plan confirmation hearing; and (v) the proof of claim was filed shortly after McNamee discovered that proof of claims were due. It would be entirely inequitable to allow a debtor to file incomplete lists of names and addresses of creditors that results in the creditors not receiving the required notice of the proof of claim deadline and then attempt a "gotcha" plan that automatically disallows claims filed after the deadline. Here, the Debtor clearly violated Bankruptcy Rule 1007(a) by failing to file an accurate list of names and addresses of creditors with its voluntary petition, which resulted in McNamee not receiving the notice required under Bankruptcy Rule 2002(a). As a result, the Claims Deadline Notice was not sent to McNamee or his counsel. McNamee has acted in good faith and the cause for delay was not reasonably in control of McNamee. Finally, there will be no prejudice to the Debtor as it retains all of its rights to ultimately contest the amount of claim asserted in the State Court Case.

17. Accordingly, McNamee requests an order from the Court allowing the proof of claim filed by McNamee as a timely filed.

## CERTIFICATE OF CONFERENCE

18. On May 13, 2022, the undersigned counsel attempted to confer with Debtor's counsel regarding a potential resolution of this matter, and then conferred with Debtor's counsel on May 17, 2022, regarding requested relief. On May 18, 2022, Debtor's counsel stated that the Debtor is opposed to the requested relief.

WHEREFORE, Robert McNamee requests an order from the Court allowing the proof of claim as timely filed by Robert McNamee.

Dated: May 18, 2022

    Respectfully submitted,

    ANDREWS MYERS P.C.

    */s / T. Josh Judd*
    T. Josh Judd
    SBN: 24036866
    1885 Saint James Place, 15th Floor
    Houston, TX 77056
    Tel: 713-850-4200
    Fax: 713-850-4211
    jjudd@andrewsmyers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2022, a true and correct copy of the foregoing Motion was served via the Court's Electronic Notification System on all parties listed below at the addresses listed.

Thomas Daniel Berghman on behalf of Debtor Wattstock LLC
tberghman@munsch.com

Thomas Daniel Berghman on behalf of Plaintiff Wattstock LLC
tberghman@munsch.com

Annmarie Antoniette Chiarello on behalf of Creditor Integrated Engineers and Contractors Corporation
achiarello@winstead.com

Kevin Chiu on behalf of Creditor Alta Power LLC
kevin.chiu@bakerbotts.com

John T. Cox, III on behalf of 3rd Pty Defendant General Electric International, Inc.
tcox@gibsondunn.com, WCassidy@gibsondunn.com;twesley@gibsondunn.com

7

Daniel K. Craddock on behalf of Creditor Profesyonel Personel Hizmetleri Ticaret A.S.
dcraddock@craddockmassey.com, bbutters@craddockmassey.com,sjett@craddockmassey.com

David R. Eastlake on behalf of Creditor Alta Power LLC
david.eastlake@bakerbotts.com

David R. Eastlake on behalf of Defendant Alta Power LLC
david.eastlake@bakerbotts.com

Brian N. Hail on behalf of Plaintiff Wattstock LLC
bhail@krcl.com, vsedon@krcl.com

Eric Thomas Haitz on behalf of 3rd Pty Defendant General Electric International, Inc.
ehaitz@gibsondunn.com, skoller@gibsondunn.com

Eric Thomas Haitz on behalf of Creditor General Electric International, Inc.
ehaitz@gibsondunn.com, skoller@gibsondunn.com

T. Josh Judd on behalf of Creditor Robert McNamee
jjudd@andrewsmyers.com, sray@andrewsmyers.com

John B. Lawrence on behalf of Creditor Alta Power LLC
john.lawrence@bakerbotts.com, jessica.aquino@bakerbotts.com

John B. Lawrence on behalf of Defendant Alta Power LLC
john.lawrence@bakerbotts.com, jessica.aquino@bakerbotts.com

Andrew LeGrand on behalf of 3rd Pty Defendant General Electric International, Inc.
alegrand@gibsondunn.com, cfitzgerald@gibsondunn.com

Kell C. Mercer on behalf of Creditor Profesyonel Personel Hizmetleri Ticaret A.S.
kell.mercer@mercer-law-pc.com

Thanhan Nguyen on behalf of Debtor Wattstock LLC
anguyen@munsch.com

Thanhan Nguyen on behalf of Plaintiff Wattstock LLC
anguyen@munsch.com

Pooja Patel on behalf of 3rd Pty Defendant General Electric International, Inc.
ppatel@gibsondunn.com

Jessica Bateman Pulliam on behalf of Creditor Alta Power LLC
jessica.pulliam@bakerbotts.com

Andrew D Robertson on behalf of Plaintiff Wattstock LLC

drobertson@krcl.com, mbeaujean@krcl.com

Davor Rukavina on behalf of Debtor Wattstock LLC
drukavina@munsch.com

Scott M. Seidel (SBRA V)
scott@scottseidel.com, csms11@trustesolutions.net;susan.seidel@earthlink.net

Steffen Roshaun Sowell on behalf of Creditor Integrated Engineers and Contractors Corporation
ssowell@winstead.com

Katie Rose Talley on behalf of 3rd Pty Defendant General Electric International, Inc.
ktalley@gibsondunn.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Donna K. Webb on behalf of Creditor Small Business Administration
donna.webb@usdoj.gov,
brian.stoltz@usdoj.gov;CaseView.ECF@usdoj.gov;brooke.lewis@usdoj.gov

By: */s/ T. Josh Judd*
T. JOSH JUDD