Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
500 North Akard St., Ste. 3800
Dallas, Texas  75201
Telephone: (214) 855-7500
drukavina@munsch.com
tberghman@munsch.com

*Counsel to the Reorganized Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| *In re:* § <br> § <br> WATTSTOCK, LLC,[1] § <br> § <br> Debtor. § <br> § | | Case No. 21-31488 <br><br> Chapter 11 <br> Subchapter V |

**REORGANIZED DEBTOR'S LIMITED OBJECTION TO PROOF
OF CLAIM NUMBER 7-1 OF PRO-PER ENERGY SERVICES, LLC**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, RM 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON AUGUST 11, 2022, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] The last four digits of the Debtor's taxpayer identification number are 9179.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW WattStock, LLC (the "Reorganized Debtor" or "WattStock"), the reorganized debtor in the above-styled bankruptcy case ("Bankruptcy Case"), and files this its *Limited Objection to Proof of Claim Number 7-1 of Pro-Per Energy Services, LLC* (the "Objection") and respectfully shows the Court as follows:

## I.    JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    FACTS

2. The Reorganized Debtor is an aero-derivative gas turbine power plant refurbisher. On August 17, 2021, the Reorganized Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). On June 3, 2022, the Bankruptcy Court entered its *Order Confirming Chapter 11 Plan* (the "Confirmation Order")[2] confirming the *First Amended Chapter 11 Subchapter V Plan of WattStock, LLC* (the "Plan").[3] The Plan Effective Date[4] occurred on June 21, 2022.[5]

3. On October 25, 2021, Pro-Per Energy Services, LLC ("Pro-Per") filed proof of claim number 7-1 (the "Pro-Per Claim") in the claims register, asserting a secured claim in the amount of $373,472.69. The Pro-Per Claim is allegedly secured by "Trust funds from GE to the Debtor for Creditor's work" based on "Statutory and common law security claim[s]".

4. The Pro-Per Claim does not include any documentary support.

---

[2] Docket No. 97.
[3] Docket No. 77.
[4] Terms not otherwise defined in the Application have the meaning assigned to them in the Plan.
[5] *See Notice of Effective Date and Plan Deadlines*, Docket No. 104.

### III. ARGUMENT

**A.    The Pro-Per Claim Lacks *Prima Facie* Validity.**

5.    Due to the vague nature of the statements in the Pro-Per Claim, WattStock is unable to specifically object to the asserted bases of attachment and/or perfection of the security interest asserted, nor is WattStock able to object to the collateral description asserted. "[A] proof of claim lacking necessary facts or supporting documents is not entitled to a presumption of *prima facie* validity." *Hardy Rawls Enters. LLC v. Cage (In re Moye)*, No. H-09-2747, 2010 U.S. Dist. LEXIS 83792, at *27 (S.D. Tex. Aug. 17, 2010) (citing *In re Kincaid*, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008)). The Pro-Per Claim does not comply with the form's instructions to attach redacted copies of documents evidencing perfection, nor does the Pro-Per Claim cite the statutes or bases under common law for perfection. "[I]f an objecting party cannot discern whether there is a 502(b) objection to the claim because the claimant failed to comply with the Bankruptcy Rules, the Court does not read the Code and Rules as requiring allowance. Due Process requires no less." *In re Today's Destiny, Inc.*, No. 05-90080, 2008 Bankr. LEXIS 3577 at *7 (Bankr. S.D. Tex. Nov. 26, 2008) (Isgur, J.).

6.    Accordingly, based solely on the objection raised in this subsection III.A., the Reorganized Debtor does not seek the *disallowance* of the claim, but seeks a finding that the Pro-Per Claim be stricken of its *prima facie* validity as to its secured nature pursuant to sections 501 and 502 of the Bankruptcy Code and Bankruptcy Rule 3001.

**B.    The Pro-Per Claim Is Not Secured.**

7.    Separately, both the nature of the alleged collateral and the alleged bases for perfection are insufficient. First, as to the granting of the security interest, the Pro-Per Claim is based on a prepetition contract between the parties that does not provide any basis for any secured claim. Not having specified the statute or common law theory that allegedly secures its

claim, WattStock expressly reserves the right to respond substantively in a reply to any Pro-Per response to this Objection asserting specific bases of the nature of the secured claim, its attachment, or perfection for the first time.  Second, as to the nature of the collateral being "trust funds," perfection in cash is accomplished by possession.  Tex. Bus. & Comm. Code 9.312 ("A security interest in money may be perfected only by the secured party's taking possession under Section 9.311").  Because Pro-Per did not have possession of the alleged collateral funds on the Petition Date, Pro-Per holds at best an unsecured claim.

8.      Accordingly, the Pro-Per Claim should be allowed only as an unsecured claim.  If Pro-Per asserts specific bases of attachment and perfection of any security interest and/or if Pro-Per provides documentation or evidence of the collateral it believes it has a security interest in, WattStock expressly reserves the right to object to the same in full and/or to seek a status conference for a scheduling order with respect to the Pro-Per Claim.

C.    **The Pro-Per Claim May Be Duplicative.**

9.      WattStock further objects to the Pro-Per Claim to the extent it is duplicative of any other claim.  Profesyonel Personel Hizmetleri Ticaret A. S., a related entity, filed Proof of Claim 6-1 for "Services and goods provided to refurbish gas turbines" but without attaching any supporting documentation; WattStock's schedules also include a claim for Pro-Per/Professional Personel Hizmetleri Tic.A.S. (together with Proof of Claim 6-1, the "Other Claims").  Due to the lack of supporting documentation, WattStock is unable to determine whether or the extent to which the Pro-Per Claim is duplicative of the amounts represented by the Other Claims.  The Pro-Per Claim should be disallowed to the extent it is duplicative of either of the Other Claims.

IV.    **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, the Reorganized Debtor respectfully requests that the Court (i) sustain the Objection, (ii) allow the Pro-Per Claim only as an

unsecured Class 5 Claim under the Plan and disallowing the Pro-Per Claim in all other respects, (iii) disallow the Pro-Per Claim to the extent it is duplicative of another filed claim or scheduled amount; and (iv) grant the Reorganized Debtor such other and further relief as the Court deems just and proper.

Respectfully submitted on this 21st day of July, 2022.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Thanhan Nguyen, Esq.
Texas Bar No. 24118479
500 North Akard St., Ste. 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
drukavina@munsch.com
tberghman@munsch.com

*Counsel to the Reorganized Debtor*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 21st day of July, 2022, a true and correct copy of this document was served via the Court's ECF notification system on all parties entitled to notice thereby including counsel for Pro-Per:

Daniel K. Craddock on behalf of Creditor Profesyonel Personel Hizmetleri Ticaret A.S.
dcraddock@craddockmassey.com; bbutters@craddockmassey.com; sjett@craddockmassey.com

Kell C. Mercer on behalf of Creditor Pro-Per Energy Services LLC
kell.mercer@mercer-law-pc.com

By: */s/ Thomas Berghman*
Thomas D. Berghman, Esq.