**GIBSON, DUNN & CRUTCHER LLP**
John T. Cox III  (Tex. Bar No. 24003722)
Andrew LeGrand (Tex. Bar No. 24070132)
Pooja Patel (Tex. Bar No. 24104064)
Eric T. Haitz (Tex. Bar No. 24101851)
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Tel:  214.698.3100
TCox@gibsondunn.com
ALegrand@gibsondunn.com
PPatel@gibsondunn.com

*Counsel to GE Packaged Power LP*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-31488-sgj11V |
| WATTSTOCK, LLC, | § | *Chapter 11* |
| | § | *Subchapter V* |
| Debtor. | § | |

### APPLICATION OF GE PACKAGED POWER LP FOR ALLOWANCE AND
### PAYMENT OF ADMINISTRATIVE PRIORITY EXPENSE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT (ADDRESS OF CLERK'S OFFICE) BEFORE CLOSE OF BUSINESS ON AUGUST 11, 2022, WHICH IS AT LEAST 211 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.**

**IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF**

> **NO HEARING ON SUCH NOTICE OR MOTION IS
> TIMELY REQUESTED, THE RELIEF REQUESTED
> SHALL BE DEEMED TO BE UNOPPOSED, AND THE
> COURT MAY ENTER AN ORDER GRANTING THE
> RELIEF SOUGHT OR THE NOTICED ACTION MAY BE
> TAKEN.**

GE Packaged Power LP ("<u>GEPP</u>") hereby submits this application for allowance and payment of administrative priority expense (the "<u>Application</u>"), pursuant to section 503(b)(1)(A) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), seeking payment of postpetition rent under that certain Lease (the "<u>GEPP Lease</u>") entered into as of June 1, 2018 by and between GEPP and Wattstock, LLC (the "<u>Debtor</u>").[1]

In support of this Application, GEPP respectfully represents as follows:

## FACTUAL BACKGROUND

1.      On August 17, 2021 (the "<u>Petition Date</u>"), the Debtor commenced the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") by filing a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code.

2.      On April 22, 2022, the Debtor filed the first amended subchapter V plan of reorganization [D.I. 77] (the "<u>Plan</u>").  The Plan provides that Cure Claims (as defined in the Plan) shall be paid under section 365 of the Bankruptcy Code for any Executory Contract (as defined in the Plan) that the Debtor assumes, and set forth the procedures for filing an application for Administrative Claims (as defined in the Plan).  *See* Plan at §§1.2, 3.1, 5.4.

3.      On June 22, 2022, this Court entered an order confirming the Plan [D.I. 97] (the "<u>Confirmation Order</u>").  Pursuant to the Confirmation Order, the Debtor assumed the GEPP Lease

---

[1]  A true and correct copy of the GEPP Lease is attached hereto as Exhibit 1.

on a month-to-month basis pursuant to section 20 of the GEPP Lease, and GEPP agreed to waive all defaults under the GEPP Lease prior to the Petition Date.  *See* Conf. Ord. at ¶ 17(i).

4.      The Confirmation Order further provided that GEPP shall assert its entitlement to payment of a claim under the GEPP Lease as an administrative priority payment of amounts other than Prepetition defaults no later than the Administrative Claims Bar Date (as defined in the Plan). *Id*.

5.      The GEPP Lease provides for, among other things, the lease of certain land, warehouse space, storage space, and office space as for thoroughly set forth in the GEPP Lease (the "Premises").  During the pendency of the Chapter 11 Case, the Debtor continually occupied and maintained possession of the Premises and otherwise enjoyed the benefits of the GEPP Lease.

6.      GEPP now submits this Application for administrative priority payment of rent and other amounts owing in connection with the Debtor's assumption the GEPP Lease and the Debtor's use of and benefit from the Premises during the pendency of the Chapter 11 Case.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      This Application constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

9.      The statutory predicate for the relief sought herein is section 503(b)(1)(A) of the Bankruptcy Code.

## APPLICATION

10.      By this Application, GEPP seeks, pursuant to sections 503(b)(1)(A) of the Bankruptcy Code, approval and payment as administrative expense of the obligations due in connection with rent payments due by the Debtor under the GEPP Lease (the "Postpetition Rent")

for the period beginning on the Petition Date through and including June 22, 2022 (the "Effective Date").

11.     The Court should approve the relief requested in this Application because the Postpetition Rent constitutes an expense and liability incurred pursuant to a lease that the Debtor assumed under the Plan and Confirmation Order.  *Id*.  The Debtor used the Premises after the Petition Date and through the Effective Date and therefore is obligated to pay rent and other liabilities pursuant to the terms of the GEPP Lease.

12.     Section 503(b)(1)(A) of the Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses" for the "actual, necessary costs and expenses of preserving the estate."  11 U.S.C. § 503(b)(1)(A).   Courts have held that where a debtor "elect[s] to assume [an] executory contract . . . it assumes the contract *cum onere*, and the expenses and liabilities incurred may be treated as administrative expenses"  *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984) (citing 11 U.S.C. § 503(b)(1)(A)) (internal citation omitted); *see also In re U.S. Metalsource Corp.*, 163 B.R. 260, 269 (Bankr. W.D. Pa. 1993) ("[t]he assumption of an executory contract by the debtor-in-possession results in an administrative expense priority claim for all obligations under that contract, regardless of whether the expenses arose postpetition or prepetition"); *In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321 (Bankr. E.D. Pa. 1988) ("if the executory contract is assumed, the estate is liable for the full performance of the contract").  Moreover, regardless of whether a lease is ultimately assumed, "postpetition use of [a]leased premises . . . will create a claim for 'administrative rent'—that is, an administrative claim for compensation based upon the debtor's use of the leased premises, which is presumptively set at the rental established."  *In re Mushroom Transp. Co., Inc.*, 78 B.R. 754, 759 (Bankr. E.D. Pa. 1987); *see also Matter of Braniff Airways, Inc.*, 783 F.2d 1283, 1285 (5th Cir. 1986) (same).

13.    This Court authorized the Debtor to assume the GEPP Lease, necessarily determining that assumption of the GEPP Lease, including the attendant liabilities associated therewith, is in the best interest of the Debtor's estate.  *See Matter of Braniff Airways, Inc.*, 783 F.2d at 1283-85.

14.    Accordingly, the Court should approve this Application and allow the Postpetition Rent as an administrative expense claim.

## APPROVAL OF POSTPETITION RENT

15.    GEPP seeks approval of the payment by the Debtor (or reorganized Debtor) of $162,060.20[2] in Postpetition Rent from the Petition Date through and including the Effective Date. Such amounts would be payable in cash pursuant to the Plan.

## NOTICE

16.    Notice of this Application has been provided to all requisite parties in accordance with the procedures set forth in Section 3.1 of the Plan.  GEPP submits that, in view of the facts and circumstances presented, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

For the reasons set forth herein, GEPP respectfully requests that this Court (i) enter an order, substantially in the form of the Proposed Order filed concurrently herewith, authorizing and directing the Debtor (or reorganized Debtor) to pay the Postpetition Rent incurred in connection with the GEPP Lease from the Petition Date through and including the Effective Date; and (ii) grant such other and further relief as is just and appropriate.

---

[2]  A detailed description of the Postpetition is set forth on <u>Schedule A</u> attached hereto.

[*remainder of page intentionally blank*]

Dated: July 21, 2022                    **GIBSON, DUNN & CRUTCHER LLP**

/s/  *Eric T. Haitz*
John T. Cox III  (Tex. Bar No. 24003722)
Andrew LeGrand (Tex. Bar No. 24070132)
Pooja Patel (Tex. Bar No. 24104064)
Eric T. Haitz (Texas Bar No. 24101851)
2001 Ross Avenue, Suite 2100,
Dallas, TX 75201
Tel:    214.698.3100
Email:  TCox@gibsondunn.com
             ALegrand@gibsondunn.com
             PPatel@gibsondunn.com

*Counsel to GE Packaged Power LP*


**CERTIFICATE OF SERVICE**

I certify that on July 21, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas and a copy was emailed to the Debtor and the United States Trustee as set forth in Section 3.1 of the Plan.

/s/ *Eric T. Haitz*
Eric T. Haitz

**SCHEDULE A**

| Rent Period | Base Rent Amount | Warehouse Costs Amount | Total |
|---|---|---|---|
| *August 17-31, 2021* | *$7,304.19* | *$ 964.19* | ***$ 8,268.38*** |
| *September 2021* | *$15,095.33* | *$1,992.65* | ***$17,087.98*** |
| *October 2021* | *$15,095.33* | *$1,992.65* | ***$17,087.98*** |
| *November 2021* | *$15,095.33* | *$1,992.65* | ***$17,087.98*** |
| *January 2021* | *$15,095.33* | *$1,992.65* | ***$17,087.98*** |
| *February 2021* | *$15,095.33* | *$1,992.65* | ***$17,087.98*** |
| *March 2021* | *$15,095.33* | *$1,992.65* | ***$17,087.98*** |
| *April 2021* | *$15,095.33* | *$1,992.65* | ***$17,087.98*** |
| *May 2021* | *$15,095.33* | *$1,992.65* | ***$17,087.98*** |
| *June 2021* | *$15,095.33* | *$1,992.65* | ***$17,087.98*** |
| **TOTAL** | | | **$162,060.20** |